IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHADWICK JASHAWN NEAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-CV-617-TCK-PJC ) |
| MEGAN C. DAVIS; RICK SILVER; JOHNNY JOHNSON; STEVE JOHNSON, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

On October 6, 2011, Plaintiff, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 complaint (Dkt. # 1). By Order filed October 20, 2011 (Dkt. # 3), the Court directed Plaintiff to either pay the $350 filing fee required to commence a civil action in this Court or file a properly supported motion to proceed *in forma pauperis*. In addition, Plaintiff was directed to file a response demonstrating why this action should not be dismissed as barred by *res judicata*. On November 4, 2011, Plaintiff filed his response (Dkt. # 4) and a motion to proceed *in forma pauperis* (Dkt. # 5). By Order filed November 8, 2011 (Dkt. # 6), the Court granted Plaintiff's motion to proceed *in forma pauperis* and required him to pay an initial partial filing fee payment of $4.67. On December 19, 2011, Plaintiff paid the initial partial filing fee as directed by the Court. For the reasons discussed below, the Court finds this action shall be dismissed as barred by *res judicata*.

**A. Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Plaintiff's civil rights claims are barred by *res judicata***

Plaintiff claims that on June 20, 2009, while he was in custody at the Washington County Jail, he was assaulted by another inmate who had a history of violence. See Dkt. # 1. He alleges that during the assault, he sustained an eye injury. Plaintiff further claims that he made several requests for medical care from June 21, 2009, until his release from the jail on October 22, 2009, but that as a result of inadequate medical care provided at the jail, he has lost vision in the injured eye. Based on those allegations, Plaintiff identifies three (3) claims: (1) Defendant Megan Davis, R.N., failed to provide proper medical treatment for his eye injury; (2) Defendants Silver, J. Johnson, and Steve Johnson failed to provide adequate medical care after Plaintiff submitted to them his written requests for medical care; and (3) Defendants J. Johnson, S. Johnson, and Rick Silver failed to protect Plaintiff given his assailant's violent history. In his request for relief, Plaintiff asks for "monetary damages for pain and suffering and loss of vision in the amount of one hundred fifty thousand dollars ($150,000.00) in punitive and compensatory damages, plus filing fees and court cost related to this matter. Plaintiff seeks compensation for deliberate indifference, cruel and unusual punishment, denial of due process, and failure to protect on the part of the defendants." See Dkt. # 1.

Plaintiff also states that on or about May 11, 2010, he filed a civil lawsuit against these same defendants in Washington County District Court, Case No. CJ-2010-177. See Dkt. # 1 at 4. He also provides a copy of the order of dismissal entered in that case on or about August 15, 2011. Id. attached order. The state district court dismissed the petition, finding as follows:

3

> . . . Plaintiff has failed to state a claim against the Defendants for any violation of his constitutional rights. Plaintiff has failed to state a 42 U.S.C. Section 1983 Claim against the Defendants' [sic] both in their individual capacity or "official capacity" which is plausible on its face or which rises above a speculative level.
> The Plaintiff in his Responses attempts to add additional facts or allegations that were not part of his original Petition. These new allegations are themselves vague, non-specific and conclusory, and insufficient to state a claim under 42 U.S.C. Section 1983. Further, the court finds that the Defendants' [sic] are entitled to qualified immunity in their individual capacities with regard to Plaintiff's Section 1983 claim and that the Plaintiff's 42 U.S.C. Section 1983 claims against them should be dismissed.

(Dkt. # 1, attached order). Nothing in the record suggests that Plaintiff appealed that ruling. His time to appeal has now expired and the ruling is final.

Under the doctrine of *res judicata* or "claim preclusion," a valid and final judgment in one action "precludes the parties or their privies from relitigating issues that were or *could have been* raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (emphasis added); Long v. United States Department of the Air Force, 751 F.2d 339, 345 (10th Cir. 1984). "As this court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen, 449 U.S. at 94 (citation omitted).

In this case, Plaintiff acknowledges in his complaint that he has litigated these same civil rights claims against the same defendants in Washington County District Court, Case No. CJ-2010-177. See Dkt. # 1 at 5. A final ruling has been entered in that case. In response to the Court's Order directing Plaintiff to demonstrate why this action should not be dismissed as barred by *res judicata*, Plaintiff argues that his state civil rights action was dismissed for lack of subject matter jurisdiction. See Dkt. # 4. As a result, Plaintiff argues this federal action is not barred by *res judicata*. The Court disagrees. The language cited above reflects that the state district court clearly dismissed Plaintiff's

civil rights claims for failure to state a claim upon which relief may be granted, not for lack of subject matter jurisdiction. "A ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full *res judicata* effect." See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 518 n.8 (10th Cir. 1994) (quotation omitted). The Court finds that the ruling by the Washington County District Court Judge that Plaintiff had failed to state a 42 U.S.C. § 1983 civil rights claim was a decision on the merits with full *res judicata* effect.

Plaintiff also states that he "attempted after the ruling of the Washington County District Court to file his request for an appeal in this matter with the District Court Clerk's Office of Washington County, however the Plaintiff received no response to his letter seeking an appeal." See Dkt. # 4 at 2. Plaintiff's unsupported statement that he "attempted" to appeal the state district court's ruling does not alter this Court's conclusion that the ruling is now final. Plaintiff did not perfect an appeal from the state district court's ruling and the time for an appeal has lapsed. Therefore, the ruling is final. Because a final ruling on the merits has been entered in Washington County District Court, this federal civil rights action is barred by *res judicata*.

**ACCORDINGLY, IT IS HEREBY ORDERED that** this action is **dismissed with prejudice** as barred by *res judicata*. Plaintiff remains obligated to pay in monthly installments the balance owed on the $350 filing fee.

DATED THIS 29th day of December, 2011.

*[signature: Terence C Kern]*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE